UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


JOHN BLUFORD                                CIVIL ACTION NO. 13-cv-2931

VERSUS                                      JUDGE WALTER

DAVID WADE CORRECTIONAL                     MAGISTRATE JUDGE HORNSBY
CENTER, ET AL


## REPORT AND RECOMMENDATION

**Introduction**

John Bluford ("Plaintiff"), who is self-represented, is a prisoner housed at the David

Wade Correctional Center.  He filed this civil action against prison officials based on

allegations he was deprived of a mattress for 14 days.  Defendants responded to the

complaint with a Motion for Summary Judgment (Doc. 24).  For the reasons that follow, it

is recommended the motion be granted.

**Plaintiff's Allegations**

Plaintiff alleges in his complaint that on May 17, 2013 he had a "non-compliant"

mattress that was intended for use by suicide/homicide inmates.  He does not explain how

he came to have that mattress rather than the standard issue.  The mattress was placed in the

hallway (presumably by Plaintiff) when Plaintiff went to shower.  He alleges that he later

asked "Major Beard" (Jake Baird) for a "sufficient mattress," but Baird told him, "You

should have kept your old mattress.  Now go the fuck to sleep."  Plaintiff alleges that he then

asked shift supervisor Captain Vincent Coleman about a mattress, but he responded, "I don't get paid to bring you no mattress. Do it look like I work in the warehouse?"

Plaintiff alleges that he was without a mattress from May 17 to May 31, 2013. He contends that he suffered pain in his lower back and neck because of the 14 days without a mattress. He seeks compensatory and punitive damages.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc</u>., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. <u>Anderson</u>, <u>supra</u>; <u>Hamilton v. Segue Software Inc</u>., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 106 S.Ct. 1348, 1355-56 (1986).

**Defendants' Motion**

Defendants in similar cases ordinarily support their motion with affidavits or other competent summary judgment evidence by which they affirmatively set forth their version of the facts.  In this case, however, Defendants submit only a certified copy of the administrative remedy procedure file for the grievance that Plaintiff filed regarding the alleged lack of a mattress.  That file contains unsworn written statements by defendants Coleman and Baird, as well as two other officers.  Coleman wrote in his statement that Plaintiff did not report to him that he needed a mattress, and Coleman claimed he was not aware that Plaintiff lacked a mattress for an extended period.  He specifically denied making the statement attributed to him by Plaintiff, whose allegations he characterized as blatantly false.  Baird provided a similar written statement.  A deputy warden denied the grievance based on those statements and the lack of any tangible evidence submitted by Plaintiff to submit his claims.  The Secretary of the DOC upheld that decision.

The unsworn written statements in the administrative record are not competent summary judgment evidence.  Federal Rule of Civil Procedure 56 allows a party to base its summary judgment position on depositions, affidavits, declarations, interrogatory answers, and similar documents.  Mere unsworn written statements do not comply with the requirements of the rule.  Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507, 515 (5th Cir. 2001) (employee's unsworn statement "is not competent summary judgment evidence"); Moore v. True Temper Sports, Inc., 523 Fed. Appx. 280 (5th Cir. 2013) (declining to consider unsworn statements in a summary judgment contest).

The first issue is whether Defendants have done enough to shoulder their summary judgment burden.  When the plaintiff bears the burden of proving the elements of his claim, a moving defendant need not support his motion with affidavits or other materials that negate the claim.  The defendant may move for summary judgment, with or without supporting affidavits, and shift the burden to the plaintiff by pointing to a lack of evidence to support required elements of the plaintiff's case.  Celotex Corp., 106 S.Ct. at 2553.  That does not mean that simply filing a motion or making a conclusory assertion that the plaintiff cannot prove his case obligates the plaintiff to produce evidence in opposition to the motion.  Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993).

Defendants have noted Plaintiff's allegation that he was without a mattress for 14 days and stated in their motion that this allegation is "wholly denied."  Their motion challenges that Plaintiff cannot meet the required elements of his claim because he lacks evidence that any particular official had knowledge that Plaintiff was without a mattress or had a problem with the mattress he was given.  A mere general assertion that a plaintiff cannot prove his case is not enough to shift the summary judgment burden, but Defendants have raised a specific challenge to a particular aspect of Plaintiff's claim that is enough to shift the burden. In future cases, Defendants would be well served to support their motion with affidavits from persons with personal knowledge of the facts or similar summary judgment evidence.

**Analysis**

Plaintiff has not responded to the motion's challenge with any competent summary judgment evidence.  His unsworn memorandum in opposition simply repeats the allegation

of his complaint that he was without a mattress for two weeks and suffered neck and back pain as a result.  Plaintiff has also argued (Doc. 29) that he was not able to complete his discovery of all prison records, written statements, medical records, and the like, but such discovery is not necessary to address this very specific and basic summary judgment challenge.  Plaintiff offers only (1) his unsworn complaint, which may not be relied upon once challenged under Rule 56, and (2) his unsworn memorandum, which is not competent summary judgment evidence.  Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991).[1]

Defendants have done just enough to shift the summary judgment burden to Plaintiff on a key element of his claim, and Plaintiff has not responded by producing competent evidence that would create a genuine issue on the very material fact of whether any prison official knew that Plaintiff was deprived of a mattress for 14 days.  Summary judgment is warranted under these circumstances.

Accordingly,

**IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 24) be granted and that this civil action be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

---

[1] The nonmoving party cannot rely only upon allegations, denials in a pleading, or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue concerning every essential component of its case.  Sangi v. Fairbanks Capital Corp., 219 F. Appx 359, 361 (5th Cir. 2007).

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of May, 2015.

Mark L. Hornsby
U.S. Magistrate Judge